ESTHER HACKER, Respondent, *v.* FRANK J. MCNULTY & COMPANY, INC., Appellant, and MCNULTY BROS. COAL CO., INC., Respondent.

First Department, March 15, 1940.

*William J. Tropp,* for the appellant.

*Jacob Bachkoff,* for the plaintiff, respondent.

*Joseph S. McCann* of counsel [*Phillips & Ahearn,* attorneys], for the defendant, respondent.

PER CURIAM. Examination of the second amended complaint and plaintiff's bill of particulars leads to the conclusion that the sole basis of negligence alleged against both defendants is that the coal company's trucks, in backing over the sidewalk in front of appellant's premises, caused cracks in its surface.

Proof that these cracks were enlarged by the use by appellant's superintendent of a hose in washing the sidewalk, therefore, could not support a recovery, and evidence to this effect should not have been received. If plaintiff intended to rely on this theory of liability, she should have specifically so indicated in her complaint and bill of particulars.

On the record before us, the proof is insufficient to justify a finding that the cracks allegedly created by both defendants through backing up the coal trucks, were of a sufficient size and dangerous character upon which to predicate negligence.

In this view, the verdict in favor of plaintiff against the appellant and in favor of the defendant coal company may not be sustained upon the theory now urged by respondent's counsel. This in substance is that the jury were justified in finding that the cracks created were not of sufficient character to cause the accident; but that as enlarged by the action of appellant's superintendent, they became dangerous, and hence that the cause of plaintiff's injuries was the negligence of the appellant in this respect rather than the negligence of the coal company in causing the original damage to the sidewalk.

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — O'MALLEY, TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.